IN THE UNITED STAES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | : | |
| ROCHESTER DRUG CO-OPERATIVE, INC. | : | 20-20230-PRW |
| | : | |
| DEBTOR(S) | : | CHAPTER 11 |

| | |
|---|---|
| ADVISORY TRUST GROUP, LLC, AS TRUSTEE OF THE RDC LIQUIDATION TRUST, | : |
| PLAINTIFF, | : |
| V. | : |
| SENO, INC. D/B/A/ FALCON EXPRESS & COURIER; FALCON EXPRESS & COURIER | : |
| DEFENDANT. | : |

**DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTIONS TO CLAIMS AND AFFIRMATIVE DEFENSES**

**AND NOW COMES**, Seno, Inc. d/b/a Falcon Express & Courier; Falcon Express & Courier, by and through its attorney John J. Martin and files this Answer to Complaint For Avoidance and Recovery of Preferential Transfers and Objections to Claims as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted. By way of further response, the Defendant reserves the right to file a proof of claim for any amounts due Defendant from the bankruptcy estate.

14. Admitted.

15. Admitted.

16. Admitted.

17. It is denied that Defendant is liable to Plaintiff under a preference theory of recovery and strict proof thereof is demanded at trial. By way of further response, to the extend a valid cause of action exists, it is admitted that the same would be an asset of the Plaintiff.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied and strict proof thereof is demanded at trial.

24. No response is required.

25. Admitted.

26. Plaintiff's claims may be asserted in "good faith". By way of further response, Defendant possesses affirmative defenses, and the Defendant reserves the right to assert all such defenses.

27. No response is required.

28. No response is required.

29. Admitted that the Defendant received Transfers. Defendant reserves the right to contest the accounting as set forth on Plaintiff's Exhibit "A" after Defendant has had the opportunity to review its own books and records.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted that the Defendant received Transfers. Defendant reserves the right to contest the accounting as set forth on Plaintiff's Exhibit "A" after Defendant has had the opportunity to review its own books and records.

34. Denied and strict proof thereof is demanded at trial.

35. Denied and strict proof thereof is demanded at trial.

36. This is a legal conclusion to which no response is required. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

37. Admitted.

38. Denied and strict proof thereof is demanded at trial.

39. No response is required.

40. Denied and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

41. Admitted.

42. Denied and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

43. No response is required.

44. Denied and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment

made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

45. Admitted that Defendant has made no payments to Plaintiff. It is denied that Defendant is liable to the Plaintiff and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

46. No response is required. To the extent that a response is required, the same is denied and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

47. No response is required. To the extent that a response is required, the same is denied and strict proof thereof is demanded at trial. By way of further response each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test. And further each Transfer received by the Defendant was a payment made in the

ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

48. No response is required.

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint For Avoidance and Recovery of Preferential Transfers and Objections to Claims and for such other and further relief as the Court deems just and proper.

### DEFENDANT'S AFFIRMATIVE DEFENSES

48. That each Transfer received by the Defendant was a payment made in the ordinary "course of business" of the Debtor and Defendant's and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is a subjective test.

49. That each Transfer received by the Defendant was a payment made in the ordinary "course of business" and made in accordance with ordinary business terms and is therefore not recoverable pursuant to 11 U.S.C. §547(c)(2). This is an objective test.

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint For Avoidance and Recovery of Preferential Transfers and Objections to Claims and for such other and further relief as the Court deems just and proper.

Dated: February 28, 2022               Respectfully submitted,

/s/ John J. Martin, Esquire
Law Offices of John J. Martin
1022 Court Street
Honesdale, PA  18431
(570) 253-6899
jmartin@martin-law.net
Attorney For Defendant

**IN THE UNITED STAES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | |
| ROCHESTER DRUG CO-OPERATIVE, INC. | : | 20-20230-PRW |
| | : | |
| DEBTOR(S) | : | CHAPTER 11 |
| ADVISORY TRUST GROUP, LLC, AS TRUSTEE OF THE RDC LIQUIDATION TRUST, | : | |
| PLAINTIFF, V. | : | |
| SENO, INC. D/B/A/ FALCON EXPRESS & COURIER; FALCON EXPRESS & COURIER | : | |
| DEFENDANT. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Answer to Complaint For Avoidance and Recovery of Preferential Transfers and Objections to Claims was served upon the following in the manner indicated:

Jason S. Pmerantz, Esq
Pachulski Stang Ziehl & Jones LLP
789 Third Avenue, 34th Floor
New York, NY 10017


Dated: February 28, 2022            Respectfully submitted,

                                    /s/ John J. Martin, Esquire
                                    Law Offices of John J. Martin
                                    1022 Court Street
                                    Honesdale, PA  18431
                                    (570) 253-6899
                                    jmartin@martin-law.net
                                    Attorney For Defendant